**Albert MORTON, Appellant**

v.

**Gary F. LOCKE, Secretary of Commerce, Appellee.**

No. 10–5012.

United States Court of Appeals, District of Columbia Circuit.

June 8, 2010.

Rehearing En Banc Denied Aug. 30, 2010.

Albert Morton, Washington, DC, pro se.

BEFORE: SENTELLE, Chief Judge, and GARLAND and BROWN, Circuit Judges.

### *JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the amended brief and appendix filed by appellant. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's order filed December 17, 2009, dismissing appellant's complaint as barred by the doctrine of *res judicata,* be affirmed.

Although appellant filed the underlying complaint as a new civil action, he is seeking relief from the district court's final order in *Morton v. Guiterrez,* 07cv0751, 2008 WL 274910 (D.D.C., filed Jan. 31, 2008), which this court summarily affirmed in No. 08–5037, 2008 WL 4898960 (D.C.Cir., filed Sept. 4, 2008). The doctrine of *res judicata,* also known as claim preclusion, prevents a party from filing a new civil action which is based on the same operative facts as underlay a previously-litigated civil action. *See Capitol Hill Group v. Pillsbury, Winthrop, Shaw, Pittman, LLC,* 569 F.3d 485, 490 (D.C.Cir. 2009) (and cases cited therein). Because the district court rendered a final judgment in 07cv0751, and because that action involved the identical parties, claims, and "nucleus of facts" as the new complaint filed in 09cv2382, the district court was precluded from considering the latter action anew. "[R]es judicata ... bars relitigation not only of matters determined in a previous litigation but also ones that a party could have raised[.]" *NRDC v. Thomas,* 838 F.2d 1224, 1252 (D.C.Cir. 1988). Whether the district court in 07cv0751 specifically addressed appellant's allegations of fraud, as he now contends, those claims were raised by appellant in his prior action, were considered by the district court in that prior action, and thus were properly dismissed in the subsequent action on *res judicata* grounds.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.